UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TIMOTHY LESTER LIAPES,<br><br>Plaintiff,<br><br>v.<br><br>NYE COUNTY, NEVADA; NYE COUNTY SHERIFF'S DEPARTMENT; NYE COUNTY CORONER'S OFFICE; REXENE WORRELL, individually and in her capacity as NYE COUNTY CORONER; JOE CLOSE, individually and in his capacity as an officer of the NYE COUNTY SHERIFF'S DEPARTMENT; DAVID BORUCHOWITZ, individually and in his capacity as an officer of the NYE COUNTY SHERIFF'S DEPARTMENT; and DAWN MOORE, individually and in her capacity as an officer of the NYE COUNTY SHERIFF'S DEPARTMENT,<br><br>Defendants. | Case No. 2:13-cv-01128-APG-GWF<br><br>**ORDER GRANTING SUMMARY JUDGMENT**<br><br>(DKT. #34) |

Plaintiff Timothy Liapes was arrested for the murder of Robert Humphrey after an investigation conducted by defendants Detective Joe Close, Detective David Boruchowitz, and Deputy Dawn Moore in their capacities as officers for the Nye County Sherriff's Department. Defendant Dr. Rexene Worrell of the Nye County Coroner's Office ruled Mr. Humphrey's death a homicide. Mr. Liapes eventually pleaded guilty to destroying evidence and interfering with a public officer and was released. Mr. Liapes then filed a civil suit against the defendants alleging violations of 42 U.S.C. § 1983 and the tort of outrage. The defendants move for summary judgment on each of these claims. I grant the motion.

**I. BACKGROUND**

On March 5, 2009, Detective Close was called to a residence in Pahrump, Nevada for a possible suicide. (Dkt. #34-1 at 3.) Deputy Moore was first on scene followed by Detective

Close. (*Id.*) The decedent, Robert Glen Humphrey, was found in the bathroom with a gunshot wound to the right side of his head. (*Id.* at 2-3, 5.)

Mr. Liapes was on the scene and told Detective Close that he was outside the residence when he heard two pops inside. (*Id.* at 4.) Mr. Liapes stated that he went inside and found Mr. Humphrey with a gunshot wound to his head, but still alive. (*Id.*) He went to find help, but when he returned Mr. Humphrey was dead. (*Id.*) Mr. Liapes told Detective Close that Mr. Humphrey had been depressed for a while because he lost his job two years ago and had not been able to find work. (*Id.*) Detective Close observed what appeared to be gunshot residue on Mr. Humphrey's left hand. (*Id.* at 3.) The death was initially ruled a suicide pending an autopsy. (*Id.* at 4.)

Two days later, the forensic pathologist for the Nye County Coroner's Office, Dr. Worrell, examined the victim's body and determined the cause of death was homicide. (*Id.* at 5.) Dr. Worrell stated that the gunshot wound was not self-inflicted and estimated that the shot was taken between six inches to three feet from Mr. Humphrey. (*Id.*) As part of the investigation, Detective Close spoke with Mr. Humphrey's sister, who said that Mr. Humphrey was right handed. (*Id.*)

Based on the autopsy results, Detective Boruchowitz went to the residence while Detective Close obtained a search warrant. (*Id.*) Mr. Liapes consented to a search of his home and agreed to DNA and gunshot residue tests. (*Id.*) Mr. Liapes' hands tested presumptively positive for gunshot residue, and he was taken to the Nye County Sherriff's Office. (*Id.*)

In the meantime, Detective Close and Deputy Moore processed the scene and found that Mr. Liapes had started to clean the bathroom. (*Id.*) Mr. Liapes' mother told Deputy Moore that Mr. Liapes had cleaned the shirt he was wearing the day of the incident. (*Id.*)

Detective Close determined there was probable cause to arrest Mr. Liapes for open murder. (*Id.* at 6.) He based his probable cause determination on the following facts: Dr. Worrell found the death was a homicide, Mr. Liapes' hands tested positive for gunshot residue, Mr. Liapes had attempted to clean the scene and laundered his shirt, and he and Mr. Humphrey were the only ones at the residence at the time of the incident. (*Id.*)

The Deputy District Attorney then filed an amended criminal complaint charging Mr. Liapes with murder with the use of a deadly weapon. (Dkt. #34-4 at 2.) The Justice of the Peace for Pahrump Justice Court issued an order binding Mr. Liapes over for trial. (Dkt. #34-5 at 2.) The Nye County Attorney's office filed an information charging Mr. Liapes with murder with the use of a deadly weapon. (Dkt. #34-6 at 2.)

On June 27, 2011, Mr. Liapes pleaded guilty to two gross misdemeanors: destroying evidence and interfering with a public officer. (Dkt. #34-7 at 2.) He was sentenced to one year for each charge to run consecutively, and he was credited with 832 days for time served. (*Id.* at 3.)

Mr. Liapes then filed this civil suit against Nye County, the Nye County Sherriff's Department, the Nye County Coroner's Office, Dr. Worrell, Detective Close, Detective Boruchowitz, and Deputy Moore based on his arrest and imprisonment. He asserts claims for the tort of outrage and for deprivation of his constitutional rights under 42 U.S.C. § 1983 for false arrest and imprisonment.

The defendants argue that there is no evidence of an unconstitutional policy and therefore the entity defendants are entitled to summary judgment on Mr. Liapes' § 1983 claims. The defendants also assert that there was no false imprisonment or Fourth Amendment violation because the Sheriff's Office had probable cause to arrest Mr. Liapes. They also argue there is no evidence of outrageous conduct by any of the defendants. Alternatively, the defendants assert they are entitled to qualified immunity. Mr. Liapes did not file an opposition to the defendants' motion for summary judgment.

**II. ANALYSIS**

Under Federal Rule of Civil Procedure 56, summary judgment is warranted if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. I look to the pleadings, discovery responses, and affidavits to determine if there is a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Summary judgment is appropriate when, "taking the evidence and all reasonable inferences drawn therefrom in the light

most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Furnace v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013) (quotation omitted). An issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the burden of showing the basis for its motion and the portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. Further, a court may not grant summary judgment on the basis that no response was filed. *Henry v. Gill Indus. Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). I must still consider whether the moving party has met its initial burden of establishing there is no issue for trial and it is entitled to judgment as a matter of law.

### A. PROBABLE CAUSE FOR MR. LIAPES' ARREST

In Counts I and III, Mr. Liapes alleges § 1983 violations based on his Fourth and Fourteenth Amendment rights. He claims the defendants unlawful seized him leading to a false arrest.[1] To prevail on a claim for false arrest, the plaintiff must show that there was no probable cause for his arrest. *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998). Probable cause is established when at the time of the arrest "the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." *Bailey v. Newland*, 263 F.3d 1022, 1031 (9th Cir. 2001) (quotation omitted).

The defendants have presented evidence that they had probable cause to arrest Mr. Liapes. Mr. Liapes and the decedent were the only two people at the residence when Mr. Humphrey was shot. Mr. Humphrey had a gunshot wound to the right side of his head and gunshot residue on his

---

[1] It is unclear if Mr. Liapes is also alleging a malicious prosecution claim in Count 3. To prevail on a § 1983 claim of malicious prosecution, a plaintiff "must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004). As with his other claims, this claim would fail because there was probable cause.

left hand, but his sister said he was right handed. Mr. Liapes' hands tested presumptively positive for gunshot residue even though he told police that he was outside at the time of the shooting. The coroner, Dr. Worrell, found the manner of death was homicide. Mr. Liapes had started to clean the bathroom where the decedent was found and had washed the shirt he had been wearing the day of the incident. When evaluating the totality of the circumstances available to the officers at the time they arrested Mr. Liapes, the information was reasonably sufficient for them to believe that Mr. Liapes had committed murder. A Justice of the Peace reviewed the information and also determined there was probable cause to bind over Mr. Liapes for trial. Therefore, at the time of the arrest there was probable cause that Mr. Liapes had committed the crime. Because Counts I and III rely on the lack of probable cause, I grant summary judgment in favor of the individual defendants for the § 1983 claims.[2]  Further, because there is no underlying constitutional violation, Mr. Liapes' claim against the entity defendants in Count III also fails. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690 (1978). I therefore grant summary judgment in favor of the entity defendants on Count III.

### B. TORT OF OUTRAGE

Mr. Liapes alleges the tort of outrage in Count II. To prevail on a claim of outrage in Nevada, a plaintiff must show "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress, and (3) actual or proximate causation." *Star v. Rabello*, 625 P.2d 90, 91-92 (Nev. 1981). Extreme and outrageous conduct is conduct that is "outside all possible bounds of decency" and "utterly intolerable in a civilized community." *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26 (Nev. 1998) (quotations omitted).

---

[2] To the extent Mr. Liapes also intended to raise state law claims of false arrest and false imprisonment, those claims would also fail. "To establish false imprisonment of which false arrest is an integral part, it is . . . necessary to prove that the [plaintiff was] restrained of his liberty under the probable imminence of force without any legal cause or justification." *Garton v. City of Reno*, 720 P.2d 1227, 1228 (Nev. 1986) (quotation and emphasis omitted). There was probable cause for Mr. Liapes' arrest; thus the arrest was made with legal cause and justification.

There is no evidence that the manner in which Mr. Liapes was arrested was extreme or outrageous. Mr. Liapes was taken to the sheriff's office without handcuffs,[3] he was questioned, and then arrested and detained. There was probable cause for Mr. Liapes' arrest. There is no evidence that any of the defendants engaged in extreme or outrageous conduct. I therefore grant summary judgment in the defendants' favor on Mr. Liapes' claim of outrage in Count II.

**III. CONCLUSION**

IT IS THEREFORE ORDERED that the defendants' motion for summary judgment **(Dkt. #34) is GRANTED**. The clerk of court is directed to enter judgment in favor of all defendants and against plaintiff Timothy Liapes.

DATED this 27th day of October, 2015.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[3] (Dkt. #34-9 at 3.)